## CIRCUIT COURT OF FAIRFAX COUNTY

Joseph Daclouche

v.

H.B.L., Inc., et al.

October 3, 1991

Case No. (Chancery) 110442

**By JUDGE JOHANNA L. FITZPATRICK**

This matter has been under advisement for the Court to consider Defendant's, Audi of America, Inc. (Volkswagen of America, Inc.), Motion for Summary Judgment. I have carefully reviewed the motion, pleadings, and applicable authority, as well as the arguments of counsel, and I find the following to be appropriate and necessary in this case.

This case is based on the purchase by the Complainant, Joseph Daclouche, of a new 1988 Audi Quattro automobile on May 25, 1988. Thereafter, while the vehicle was still under warranty from Volkswagen of America, Inc. (as the importer, distributor and warrantor), it had several system malfunctions, requiring a number of service repairs from the local dealer. The Complainant alleges in his bill of complaint that the vehicle was out of service due to repair for more than thirty days and now seeks relief under the Virginia Motor Vehicle Warranty Enforcement Act. The Act was originally enacted in this state in 1984, with significant amendments taking effect on July 1, 1988.

As a threshold matter, I find that the Complainant, Joseph Daclouche, is a proper Plaintiff to this suit in equity. Under § 59.1-207.14 of the Virginia Motor Vehicle

Warranty Enforcement Act of 1984, "[a]ny consumer who suffers loss by reason of a violation of any provision of this chapter may bring a civil action to enforce such provision." *id.* Section 59.1-207.11 of the act defines the word "Consumer" to mean "the purchaser, other than for purposes of resale, of a motor vehicle used in substantial part for personal, family or household purposes . . . and any other person entitled by the terms of such warranty to enforce the obligations of the warranty." *id.* It is undisputed by the parties that the subject automobile in this case, a 1988 Audi, has been titled solely to the Complainant. A copy of the certificate of title, identifying the Complainant as the sole owner was filed by the Defendant as an exhibit with his motion for summary judgment.

Assuming *arguendo* that Defendant's allegation that the vehicle was primarily operated by a third-party is true, this fact alone does not extinguish the legal owner's rights and remedies under the Virginia Motor Vehicle Warranty Enforcement Act. However, whether the Complainant has suffered any loss by reason of a violation of the act remains a question of material fact for trial.

Under Rule 3:18 "[i]f it appears from the pleadings . . . that the moving party is entitled to judgment, the court shall enter judgment in his favor." However, "Summary judgment shall not be entered if any material fact is genuinely in dispute." *id.* The Court in *Carwile v. Richmond Newspapers*, 196 Va. 1 (1954), (quoting with approval the Judicial Council of Virginia), stated that Rule 3:20 (now Rule 3:18) "provides for summary judgment in those cases that cannot be reached by demurrer in which the only dispute concerns a pure question of law. It applies only to cases in which no trial is necessary because no evidence could affect the result." *id.* at 5. Therefore, as to part I of Defendant's motion for summary judgment, based on the assertion that Complainant is not a proper party to enforce the rights under the act and that the Complainant has suffered no loss, summary judgment is denied.

As to part II of Defendant's motion for summary judgment, regarding the applicability of the 1984 enactment of the Virginia Motor Vehicle Warranty Enforcement Act, the Court finds that the 1984 version of the act applies to the instant case. "The General Assembly can determine

whether legislation applies prospectively or retrospectively, subject to the limitation that its enactments may not infringe or impair a constitutionally protected right or vested interest. U. S. Const., art. I, § 10, cl. 1; Va. Const., art. I, § 11." *Booth v. Booth*, 7 Va. App. 22, 26 (1988); *see also Shoosmith v. Scott*, 217 Va. 789, 232 S.E.2d 787 (1977). "The intent of the General Assembly determines whether a statute will be applied retrospectively, but the general rule of statutory construction is that legislation only speaks prospectively." *Booth v. Booth*, at 26. Without a clear expression of intent in the act as amended, this Court follows the presumption in Virginia against retrospective effect. *See, Paul v. Paul*, 214 Va. 651, 203 S.E.2d 123 (1974); *Fry v. Schwarting*, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987). This presumption is based on § 1-16 of the Virginia Code of 1950, as amended, which states:

> No new law shall be construed to repeal a former law . . . as to any act done . . . or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred, or any right accrued, or claim arising before the new law takes effect.

This Circuit has held that the cause of action arises under § 59.1-207.13 of the 1984 enactment of the Virginia Motor Vehicle Warranty Enforcement Act, when the allegedly defective car is delivered; and that it is the *right* of action which does not arise until after the defect is discovered and not cured. *See Tradeways, Ltd. v. General Motors Corp.*, At Law No. 92151, (Opinion Letter of the Honorable Thomas S. Kenny, June 24, 1991). In *Tradeways*, Judge Kenny found that the addition of a provision for attorneys' fees, in the 1988 legislative amendment to the act, was not merely a *remedy* which could be applied retroactively. Rather, Judge Kenny pointed out that "[t]his is not simply a matter of the legislature varying the statute of limita-

tions within which a claim must be filed; the costs and fees added by this amendment may themselves far exceed the value of the car itself." *id*. at page 2. Therefore, the defendant is granted partial summary judgment as to the Plaintiff's claim for attorney's fees because this is not a recoverable expense under § 59.1-207.14 of the 1984 enactment of the Virginia Motor Vehicle Warranty Enforcement Act.

The Defendant, in parts III and IV, of his motion for summary judgment, prays that summary judgment be granted because the Complainant's claims do not meet the required threshold for relief under the act and because the notice and cure provisions of § 59.1-207.13(D) have not been satisfied. The Defendant supports these positions by submitting an *ex parte* affidavit from the service manager of H.B.L., Inc. The Supreme Court of Virginia in *Town of Ashland v. Ashland Investment Co.*, 235 Va. 150 (1988), considered the use of *ex parte* affidavits to support a motion for summary judgment under Rule 3:18 and held that "it may be erroneous to dispense with the requirements of proof even when the opposing parties urge the court to do so, unless all essential facts are stipulated." *id*. at 154. When the facts are critical to a ruling on summary judgment they must either be "stipulated by the parties, ascertained by ore tenus hearing, or determined by reference to a commissioner." *id*. at 155. Therefore, since the number of days that the subject vehicle was "out of service due to repair" is disputed, as is the issue of whether the defendant was provided with proper "notice and opportunity to cure" within the period provided for under the act, summary judgment is denied as to these issues.