Sterling Thacker
and Bonnie Thacker

v.

Zoning Appeals Board
of the City of Virginia Beach

November 5, 1996

Case No. (Law) CL96-585

By Judge A. Bonwill Shockley

This case comes on the appeal of the decision of the Board of Zoning Appeals (hereinafter referred to as "BZA") denying Petitioners' right to erect two freestanding signs on their property. The property in question was granted a conditional zoning classification, and a portion was rezoned B-2 from AG-2, which is the zoning for the remainder of the property. Petitioners argue that the fact that the property is zoned with two separate designations allows them to erect two separate freestanding signs, one for the portion designated B-2 and one for the AG-2. The matter was reviewed by the Zoning Administrator, who found the site was eligible for one sign. Petitioners appealed to the BZA, who approved the Administrator's decision.

The presumption on an appeal from the Board of Zoning Appeals, once *certiorari* has been granted, is with the BZA. "[T]he decision of the BZA is entitled to a presumption of correctness, placing the burden on the petitioner to overcome the presumption. That burden may be carried by showing that the BZA applied erroneous principles of law to the facts of the case." *Town of Ashland v. Ashland Investment Co.*, 235 Va. 150, 155 (1988); see also *Donovan v. Board of Zoning Appeals*, 251 Va. 271, 274 (1996).

The BZA rests on § 905(b)(1) Virginia Beach Code, which states, "that no establishment having a frontage of less than one hundred (100) feet shall have a freestanding sign." The BZA argues that this allows just one sign, since the

B-2 designation does not contain 100 feet of frontage as required in the zoning regulations. The BZA argues that the conditional zoning granted by the City Council used the AG-2 property to provide the requisite frontage for a sign, and therefore, Petitioners may only place one sign on the property.

The proffer made to City Council has the effect of a legal document. In the proffer, Petitioners proposed that a "sign no larger than 4 feet by 8 feet advertising the uses set forth above shall be permitted on the Property." In order to give legal effect to the proffer, the BZA placed the language in the context required by the Code of Virginia Beach. Therefore, the one hundred foot requirement for frontage must come from the portion of the property zoned AG-2.

Petitioners argue that City Council issued a variance through the proffer, allowing two signs. Although City Council may issue a variance (Appendix B, Subdivision Regulations, § 9.3, specifically grants City Council the power to grant a variance), this was not done specifically in this case. The City Council or BZA must make certain findings before it may issue a variance. The following findings must be made:

(a) Strict application of the ordinance would produce undue hardship.

(b) The authorization of the variance will not be of substantial detriment to adjacent property, and the character of the neighborhood will not be adversely affected.

(c) The problem involved is not of so general or recurring a nature to make reasonably practicable the formulation of general regulations to be adopted as an amendment to the ordinance.

(d) The hardship is created by the physical character of the property, including dimensions and topography, or by other extraordinary situation or condition of such property, or by the use or development of the property immediately adjacent thereto. Personal or self-inflicted hardship shall not be a grounds for the issuance of a variance.

(e) The hardship is created by the requirements of the zoning district in which the property is located at the time the variance is authorized whenever such variance pertains to the zoning ordinance incorporated by reference in this ordinance.

There were no such findings placed in the record before this Court. To issue a variance without making such findings constitutes reversible error. *Steele v. Fluvanna County Bd. of Zoning Appeals*, 246 Va. 502 (1993); see also § 15.1-495(2) Code of Virginia (1950 as amended).

In conclusion, for the above-stated reasons, the BZA's ruling is hereby affirmed.