# CIRCUIT COURT OF FAIRFAX COUNTY

Mary K. Toone
and Kenneth A. Toone

 v.

Zoning Appeals Board et al.

Case No. (Law) 179042

Jane W. Gwinn

 v.

Mary K. Toone

Case No. (Chancery) 160681

April 15, 2000

BY JUDGE STANLEY P. KLEIN

Petitioners Mary K. Toone and Kenneth A. Toone ("Toone") appeal the February 17, 1999, decision of the Fairfax County Board of Zoning Appeals ("BZA") upholding the September 1, 1998, Notice of Violation issued by Tammy R. Brown, a Senior Zoning Inspector, on behalf of the Division of Zoning Administration ("Zoning Administrator"). In Chancery No. 160681, Fairfax County seeks a mandatory injunction against Toone to compel compliance with the applicable zoning ordinance. The parties have stipulated that the disposition of the issues in the law case is to be determinative of the issues in the chancery case. Toone asserts that the record does not support the BZA's decision and that this Court should conduct an evidentiary hearing to determine (1) whether the doctrine of res judicata bars this civil enforcement action and (2) whether the Petitioners have vested rights under Va. Code § 15.2-2307, which constitute a lawful nonconforming use of the subject property and which necessarily preclude the decisions made by the Zoning Administrator and the BZA. Fairfax County ("The County") responds that principles of res judicata are inapplicable and that the record transmitted by the BZA supports a finding that Toone has not met the burden of proof to establish a lawful nonconforming use. After a thorough review of the record, the briefs of the parties, and the controlling authorities, this Court affirms in part and reverses in part the decision of the BZA and remands this matter to the BZA for further action or proceedings consistent with this opinion.

## I. *Background*

On September 1, 1998, the Zoning Administrator issued a Notice of Violation claiming that Toone was operating a contractor's office and shop on the property located at 6818 Georgetown Pike, McLean, Virginia ("Subject Property") and storing numerous pieces of equipment associated with that business at that location, in contravention of Par. 5 of Sec. 2-302 of the Fairfax County Zoning Ordinance. Toone timely appealed this determination in accordance with Va. Code § 15.2-2311 and a December 22, 1998, hearing was scheduled before the BZA. On December 1, 1998, Peter A. Cerick, counsel for Toone, requested a continuance of the hearing because of a conflict in his schedule, and the hearing was rescheduled for February 9, 1999.

Prior to the February 9 hearing, Toone submitted documents to the BZA in which Toone asserted (1) that in May 1983, Cerick represented Kenneth Toone in criminal proceedings in the Fairfax County General District Court, which arose from alleged zoning violations factually analogous to the instant alleged violations; (2) that Kenneth Toone was found not guilty of the 1983

charges, and, therefore, principles of res judicata preclude the County from proceeding with the instant civil enforcement action; and (3) that Toone's lawful nonconforming use of the Subject Property had not been changed or expanded since the 1983 proceedings, and, in fact, had not materially changed since 1946. See Toone's January 27, 1999, submission to the BZA. (R. at 96.) Toone also submitted affidavits from Kenneth Toone and Cerick, a copy of the 1941 Zoning Ordinance, various documents concerning business licenses for Kenneth A. Toone, t/a Toolbar Construction Company, during the period 1972 to 1989, and a letter from Cerick which referenced aerial photographs of the Subject Property dating back to 1968. The letter from Cerick also noted his personal observation of photographs from 1974, which he claimed evidenced "intense" storage of vehicles at that time. See Toone's February 4, 1999, submission to the BZA. (R. at 178.)

Also prior to the February 9 hearing, the Zoning Administrator issued a Staff Report outlining the Zoning Administrator's position in this dispute. See Zoning Administrator's February 1, 1999, Staff Report. (R. at 118-77.) Contrary to Toone's position, the Zoning Administrator claimed that, although Kenneth Toone had been found not guilty of a charge relating to storage of a trailer on the Subject Property in the 1983 General District Court proceedings, the charge arising from the alleged storage of junk, debris, and building materials in this residential district had been nolle prossed, not tried. The Staff Report also outlined numerous other alleged violations of the applicable zoning ordinances by Toone and contested Toone's claim of the existence of a lawful nonconforming use of the Subject Property. It further claimed that, even if Toone could establish a nonconforming right to a business use of the Subject Property, changes in the use during the 1980's and 1990's constituted an impermissible expansion of any such nonconforming use.

At the BZA hearing on February 9, 1999, the BZA received letters supporting and opposing Toone's appeal and statements from Kenneth Toone and Cerick. The BZA also heard live testimony from various neighbors and argument from Cerick, the Zoning Administrator, and Pam Pelto, an Assistant County Attorney. The record reflects that the Petitioners had a full opportunity to present all of their evidence and argument to the BZA.

After the conclusion of the presentation of the evidence and argument, a member of the BZA expressed his opinion that principles of res judicata did not bar the Zoning Administrator's action and moved the BZA to uphold the Zoning Administrator's action. (R. at 238.) By a vote of four to two, the motion was passed. (R. at 238.) No findings or conclusions were articulated by any member of the Board concerning any aspect of Toone's claim that the Notice of Violation at issue was contrary to Toone's lawful nonconforming

use of the Subject Property. By letter dated February 17, 1999, the Board of Zoning Appeals issued its written decision upholding the Zoning Administrator's determination. No findings were included in the written notification. Toone timely filed an appeal of the BZA's decision.

On March 30, 1999, Toone filed a Petition for Writ of Certiorari in this court alleging that as of 1982, Toone had nonconforming use rights in the Subject Property and that those rights led the Fairfax County General District Court to find him not guilty of operating a contractor's business and storing construction materials, equipment, and vehicles on the Subject Property in violation of the applicable zoning ordinance. On May 17, 1999, a Writ of Certiorari was entered by Chief Judge F. Bruce Bach.

By agreement of counsel, the case was scheduled for trial on December 8, 1999. On the afternoon of December 7, 1999, Toone filed with the Clerk of Court a brief in support of Petitioners' position and served it on the Office of the County Attorney. The brief was not received by this judge until the commencement of the trial the next morning. As the Court had not had the opportunity to review Petitioners' brief or to receive any opposition from the Respondents, the Court inquired of counsel whether either side intended to seek to put on any evidence at the trial that day. The Court was assured by counsel for both parties that neither side intended to seek to introduce any evidence outside of the record received from the BZA. As a result, the Court suggested, and counsel concurred, that the case should be continued to a Friday motions docket and a briefing schedule established, so that the Court could review the extensive record from the BZA and the written arguments of the parties in advance of oral argument. The hearing was rescheduled for January 7, 2000, and the parties agreed to a maximum of fifteen minutes per side to present their positions.

On December 22, 1999, the County timely filed its Opposition Brief. On December 29, 1999, Petitioners filed their Reply Brief and served the County with a Motion for the Court to Take Evidence or to Appoint a Commissioner,[1] contrary to their counsel's prior representation that they did not intend to attempt to put on any evidence at the hearing. On December 30, 1999, the County filed a written opposition to Toone's motion. After hearing oral argument on January 7, 2000, the Court has reviewed all of the relevant authorities and is now prepared to rule.

---

[1] The records of the Clerk of the Court do not reflect receipt of this motion. As the Court has received a courtesy copy of the motion, it will treat it as actually filed.

## II. *Analysis*

Any person aggrieved by a decision of the Board of Zoning Appeals may appeal that decision to a circuit court. Va. Code § 15.2-2314. Such a proceeding, however, is not a trial *de novo. Town of Ashland v. Ashland Inv. Co.*, 235 Va. 150, 155, 366 S.E.2d 100 (1988). In determining the merits of such an appeal, "the BZA's decision is presumed to be correct and can be reversed or modified only if the trial court determines that the BZA applied erroneous principles of law or was plainly wrong and in violation of the purposes and intent of the zoning ordinance." *Foster v. Geller*, 248 Va. 563, 566, 449 S.E.2d 802 (1994); *Board of Zoning Appeals v. University Square Assoc.*, 246 Va. 290, 295, 435 S.E.2d 385 (1993); *Masterson v. Board of Zoning Appeals*, 233 Va. 37, 44, 353 S.E.2d 727 (1987). The party challenging the decision of the BZA has the burden of proof on these issues. *Foster*, 248 Va. at 566.

Pursuant to Va. Code § 15.2-2314, a court may take evidence before deciding the merits of an appeal from a determination by the Board of Zoning Appeals.

> If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a commissioner to take evidence as it may direct and report the evidence to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review.

Va. Code § 15.2-2314.

Toone argues that Petitioners are entitled to introduce further evidence before the Court rules on the appeal. For two independent reasons, the Court disagrees. First, on the trial date, counsel for Toone represented to the Court that other than an additional affidavit from Cerick, which has been received and considered by the Court, Toone intended to present no further evidence in support of the petition. Based upon this representation, the Court continued the hearing to a date when the Court could entertain argument on the parties' legal positions based upon the entirety of the record.

Second, if the language of a statute is clear and unambiguous, there is no need for construction by a court and the plain meaning of the words and intent of the enactment must be given to it. *Catron v. State Farm Mutual Auto. Ins.*

*Co.*, 255 Va. 31, 38, 496 S.E.2d 436 (1998); *Caprio v. Commonwealth*, 254 Va. 507, 511, 493 S.E.2d 371 (1997); *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84 (1985). Va. Code § 15.2-2314 clearly and unambiguously states that "if, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence." (Emphasis supplied.) Hence, a party in a BZA appeal is not always entitled to present evidence to the circuit court.

Toone argues, however, that language from the Supreme Court's opinion in *Town of Ashland v. Ashland Inv. Co.*, 235 Va. 150, 366 S.E.2d 100 (1988), requires circuit courts to allow the presentation of evidence in every BZA appeal, either ore tenus or before a commissioner in chancery. Toone misconstrues the holding of the Supreme Court in *Town of Ashland*. In that case, the board of zoning appeals upheld a determination by the Ashland town manager that Ashland Investment Co. had erected a sign in violation of the applicable zoning ordinance. The company appealed to the circuit court and cross-motions for summary judgment, accompanied by affidavits, were filed by the parties. After argument, the town moved the court to refer the case to a commissioner in chancery, as factual matters were in dispute. The circuit court denied that motion and granted summary judgment to the company, reversing the determination made by the board of zoning appeals. The town appealed the grant of summary judgment, contending that if the circuit court intended to accept the company's theory, the town should have been provided an opportunity to cross-examine the company's witnesses who signed the verified petition and affidavit submitted by the company.

The Supreme Court agreed with the town and reversed, reasoning in part that the taking of evidence in the circuit court was not discretionary in every case. The Court did state that "the facts are crucial, and must be set forth in undisputed findings made by the BZA and transmitted to the circuit court, stipulated by the parties, ascertained by ore tenus hearing, or determined by reference to a commissioner in chancery." *Id.* at 155. However, this statement was made in the context of a decision reversing a trial court's grant of summary judgment. Moreover, the Supreme Court's decision makes no mention of any findings made by the board of zoning appeals on the issue that the circuit court found determinative in awarding summary judgment. Hence, that portion of the Supreme Court's opinion in *Town of Ashland* cannot serve as authority to overrule longstanding principles of statutory construction in this Commonwealth. This Court must therefore decide whether the proper disposition of this matter requires the presentation of evidence in this court. See Va. Code § 15.2-2314.

## A. *Res Judicata Issue*

Toone contends that the disposition of the 1983 General District Court proceedings precludes the County from pursuing this civil enforcement action against Petitioners. Toone argues that the BZA failed to properly apply legal principles governing the bar of res judicata and asserts that this Court should now grant Petitioner an evidentiary hearing for Toone to present further evidence to establish what actually was decided in the General District Court case. The Court disagrees.

It is clear from the record of the hearing before the BZA that the Board considered and rejected this contention. See motion of Mr. Hammack at the February 9, 1999, BZA hearing (R. at 238). It is axiomatic that a party asserting the bar of res judicata[2] bears the burden of establishing its applicability by the greater weight of the evidence. *Bates v. Devers*, 214 Va. 667, 671, 202 S.E.2d 917 (1974). Four elements must be present to invoke the res judicata bar: (1) the identity of the remedies sought; (2) the identity of the cause of action; (3) the identity of the parties; and (4) the identity of the quality of the persons for or against whom the claim was made. *Smith v. Ware*, 244 Va. 374, 376, 421 S.E.2d 444 (1992); *Wright v. Castles*, 232 Va. 218, 222, 349 S.E.2d 125 (1986). Here, there is clearly no identity of the remedies sought or the cause of action. In the prior proceedings, the cause of action was a prosecution for an alleged criminal offense and the remedy sought was a criminal conviction. The present proceedings are civil in nature and seek a remedy of compliance with the applicable zoning ordinance.

Nor is the doctrine of collateral estoppel applicable.[3] This doctrine precludes parties from subsequently litigating any factual issue that was actually litigated and essential to a final judgment in a prior action. *Angstadt v. Atlantic Mutual Ins. Co.*, 249 Va. 444, 446, 457 S.E.2d 86 (1995); *Glasco v. Ballard*, 249 Va. 61, 64, 452 S.E.2d 854 (1995). "[A] litigant cannot invoke collateral estoppel unless he would have been bound had the litigation of the issue in the prior action reached the opposite result." *Angstadt*, 249 Va. at 447 (quoting *Hampton Roads San. Dist. v. City of Va. Beach*, 240 Va. 209, 213, 396 S.E.2d 656 (1990)). This "mutuality" has been a necessary predicate for the invocation of the doctrine of collateral estoppel in Virginia for over one hundred years. *Selected Risks Ins. Co. v. Dean*, 233 Va. 260, 263, 355 S.E.2d

---

[2] The doctrine of res judicata actually encompasses four preclusive effects: merger, direct estoppel, res judicata-bar, and collateral estoppel.

[3] Toone has not specifically argued collateral estoppel, but, as the doctrine of res judicata encompasses four preclusive effects, including collateral estoppel, the Court will assume that Toone intended to argue collateral estoppel.

579 (1987); *Honaker v. Howe*, 60 Va. (19 Gratt.) 50, 51, 56 (1869). As such, Toone could only avail themselves of the benefits of a favorable decision in the 1983 criminal proceedings if a conviction in those proceedings could have been utilized against them.

In Virginia, it is settled that "a judgment of conviction or acquittal in a criminal prosecution does not establish in a subsequent civil action the truth of the facts on which it was rendered" and "such judgment of conviction or acquittal is not admissible in evidence" in a subsequent civil case. *Smith v. New Dixie Lines*, 201 Va. 466, 472, 111 S.E.2d 434 (1959) (citations omitted); see also *Selected Risks Ins. Co. v. Dean*, 233 Va. at 261. Four separate and distinct reasons for this policy have been articulated by the Supreme Court: (1) the parties differ from the criminal to the civil proceeding;[4] (2) the objects of the proceedings are different; (3) the results and procedures of the two trials are different; and (4) there is a lack of mutuality. *Aetna v. Anderson*, 200 Va. 385, 389, 105 S.E.2d 869 (1958). Although there has not always been total uniformity of thought on the Supreme Court as to the wisdom of not allowing a criminal conviction to be binding on the criminal defendant in subsequent civil proceedings, see *Selected Risks Ins. Co. v. Dean*, 233 Va. at 266-67, 267-76 (Poff, J., and Thomas, J., dissenting), no such divergence of thought has arisen on whether to allow an acquittal in the criminal proceedings to be preclusive or admissible in subsequent civil proceedings. The rationale for rejecting any such use of an acquittal is quite simple. As Justice Thomas acknowledged in his dissent in *Selected Risks*:

> The situation of conviction versus acquittal is not mutual. An acquittal means only that the Commonwealth failed to establish beyond a reasonable doubt that Dean unlawfully wounded Berry. Yet, when Selected Risks attempted to prove intentional acts by Dean, its level of proof is by a preponderance of the evidence. Consequently Selected Risks could present the same case that the Commonwealth presented and prevail even though the Commonwealth, in a criminal trial using the same evidence, lost.

*Selected Risks Ins. Co. v. Dean*, 233 Va. at 275 (emphasis supplied); see also *Tazewell County v. Norfolk and Western Ry.*, 119 Va. 763, 784-88, 91 S.E. 124 (1916) (finding no res judicata bar based upon prior acquittal in criminal case). Therefore, any additional evidence that Toone would seek to present on

---

[4] This does not apply to the instant case as Fairfax County and Kenneth Toone were and are the parties in both the 1983 criminal and present civil proceedings.

the res judicata issue would be totally irrelevant, because, even if Toone could establish that the issues underlying the 1983 criminal proceedings and the present civil proceedings were identical, the only determination made in 1983 was that the County's evidence was insufficient to convince the judge beyond a reasonable doubt that the violations had occurred. This could not legally nor logically preclude the County from now seeking to prove the violations by a preponderance of the evidence. Accordingly, Petitioners' motion to present evidence on this issue is denied and the decision of the BZA that the doctrine of res judicata does not preclude the present enforcement action is affirmed.

## B. *The Nonconforming Use Issue*

Pursuant to Va. Code § 15.2-2307, no zoning ordinance may impair any vested right in property except that a zoning ordinance may limit future use of the property to (1) uses then existing, provided they are not discontinued for more than two years, and (2) uses specifically authorized by the zoning ordinance. At the hearing before the BZA, the parties presented conflicting evidence on various aspects of this issue. Toone contends that a lawful nonconforming use of the Subject Property was established at the hearing before the BZA. The County responds that in affirming the Zoning Administrator's decision, the BZA necessarily intended to rule against Toone on this issue. The County argues that the record amply supports a conclusion that Toone did not meet the burden of proof to establish a lawful nonconforming use and therefore the Court should affirm the BZA decision on this issue also.

"[A board of zoning appeals] decision is presumed to be correct and can be reversed or modified only if the trial court determines that [it] applied erroneous principles of law or was plainly wrong and in violation of the purposes and intent of the zoning ordinance." *Foster v. Geller,* 248 Va. 563, 566, 449 S.E.2d 802 (1994). In order to determine whether a board of zoning appeals applied erroneous principles of law or was plainly wrong, a reviewing court, exercising appropriate appellate review, must necessarily review the record and findings from the board.

In *Packer v. Hornsby,* 221 Va. 117, 267 S.E.2d 140 (1980), the Supreme Court reviewed a circuit court decision which had reversed a board of zoning appeals grant of a variance from an applicable zoning ordinance. The Supreme Court noted the absence of specific findings by the board supporting its decision, and, in affirming the circuit court, opined that "the General Assembly intended that the record transmitted on certiorari reflect the findings underlying the board's decision. If it does not, the parties cannot properly

litigate, the circuit court cannot properly adjudicate, and this Court cannot properly review the issues on appeal." *Id.* at 121 (citation omitted). The County seeks to distinguish *Packer* on the basis that the statute in question in a variance dispute,[5] which governed the decision in *Packer*, requires factual findings to be made, contrary to the statute at issue herein. The Supreme Court, however, has extended the rationale underlying its decision in *Packer* to situations where no such statutory requirements exist.

In *Ames v. Town of Painter*, 239 Va. 343, 389 S.E.2d 702 (1990), the Supreme Court addressed a circuit court's reversal of the grant of a special use permit by a local board of zoning appeals. Again, the board had made no findings or conclusions in rendering its decision. In its opinion, the Supreme Court acknowledged that its decision in *Packer* was not determinative because no findings were specifically required by statute. However, the Court opined that "the observations we made in *Packer v. Hornsby* are instructive nonetheless." *Ames*, 239 Va. at 348. In affirming the trial court's ruling overturning the decision of the board, the Supreme Court unequivocally articulated the need for appropriate findings to be made by boards of zoning appeals:

> Whether the board of zoning appeals has exercised an administrative function in considering a variance, or a legislative function in considering an application for a special use permit, it is equally essential to the exercise of judicial review that a sufficient record be made to enable the reviewing court to make an objective determination whether the issue is "fairly debatable". . . .
>
> It is therefore essential to the exercise of the circuit court's statutory duty of judicial review, that the record be such as to enable the court to determine whether the Board adhered to those standards.

*Ames*, 239 Va. at 348-49.

Here, the record from the BZA is devoid of any findings concerning the BZA's determination of the credibility of the conflicting evidence on the lawful nonconforming use issue or the principles utilized by the BZA in deciding this issue. In fact, it is not clear from the record that the BZA ever decided this issue. This Court rejects the County's argument that historically the Fairfax Board of Zoning Appeals has simply issued written decisions upholding the actions of the Zoning Administrator when the Board deemed the Zoning Administrator's decision correct. Although this Court is not

---

[5] Former Va. Code § 15.1-495 (now Va. Code § 15.2-2309).

unmindful of the valuable service that the members of the Board of Zoning Appeals provides to the citizens of Fairfax County, such public service cannot override the dictates of the decisions of the highest court in this Commonwealth.

Although no written findings or conclusions must necessarily be made, the record submitted to the circuit court in all appeals from the board of zoning appeals must contain sufficient findings or conclusions supporting the board's decision on the arguments presented to it to allow the circuit court to "properly adjudicate, and [the Supreme Court to] properly review the issues on appeal." *Packer*, 221 Va. at 121. As the record from the BZA does not contain the necessary findings or conclusions on the lawful nonconforming use issue, this Court must reverse the BZA decision, in part.

Toone contends that the inadequacy of the record from the BZA mandates the presentation of additional evidence in an ore tenus hearing before the Court. The Court disagrees. Absent specific language to the contrary, a statutory grant of appellate jurisdiction to a circuit court implies a power to remand the case to the administrative body whose decision the court is reviewing on appeal. *Jones v. Willard*, 224 Va. 602, 606-07, 299 S.E.2d 504 (1983); see also *Hoyle v. Virginia Empl. Comm'n*, 24 Va. App. 533, 537, 484 S.E.2d 132 (1997). Pursuant to Va. Code § 15.2-2314, a circuit court may, upon appeal of a decision of a board of zoning appeals, "reverse or affirm, wholly or partly, or may modify the decision brought up for review."

> It is familiar appellate practice to remand causes for further proceedings without deciding the merits, where justice demands that course in order that some defect in the record may be supplied. Such a remand may be made to permit further evidence to be taken or additional findings to be made upon essential points.

*Jones v. Willard*, 224 Va. at 607 (quoting *Ford Motor Co. v. Labor Board*, 305 U.S. 364, 373, 83 L. Ed. 221, 59 S. Ct. 301 (1939)) (footnotes omitted). As Va. Code § 15.2-2314 does not specifically preclude remand of a case upon reversal, this Court affirms the decision of the BZA on the res judicata issue but reverses and remands this case to the Fairfax Board of Zoning Appeals on the legal nonconforming use issue. The BZA shall take such action as it deems appropriate to assure that in the event of any further appeal, the record is sufficiently complete to allow appropriate judicial review of its decision. In the event such an appeal is filed, a copy of the petition should be forwarded to this judge, as I will preside over any such future proceedings.

44

[I have entered an order] this date affirming in part, reversing in part, and remanding the February 17, 1999, decision of the BZA. The exceptions of each of the parties are noted for the reasons articulated by their counsel both orally and in writing.