## Richmond

### CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA

### V.

### VIRGINIA FARM BUREAU MUTUAL INSURANCE COMPANY

September 11, 1981.

Record No. 800808.

Present: Carrico, C.J., Cochran, Compton, Stephenson, JJ., and Harman, S.J.

F. *Guthrie Gordon, III (J. Lloyd Snook, III; Lowe and Gordon, Ltd.,* on brief), for appellant.

H. *Slayton Dabney, Jr. (McGuire, Woods & Battle,* on brief), for appellee.

PER CURIAM.

In this appeal, we consider whether the trial court correctly decided on cross motions for summary judgment a question of insurance coverage.

On April 29, 1978, Michael L. Young was driving his motorcycle on Route 650 in Fluvanna County when he was struck by what the record describes as a "trail bike," or a "Yamaha motorcycle," operated by Gary Thomas, the 16-year-old son of Willis L. Thomas, Sr. At that time, Young was insured by a policy containing uninsured motorist coverage issued by appellant Central Na-

tional Insurance Company of Omaha. Willis L. Thomas, Sr., was the named insured in a family automobile insurance policy and in a farmers comprehensive personal liability insurance policy, both issued by appellee Virginia Farm Bureau Mutual Insurance Company.

Virginia Farm Bureau denied that either policy provided liability coverage for the collision. In October of 1978, Central National settled Young's claim under the uninsured motorist provision for $4,000 and was subrogated for Young up to that amount. In June of 1979, in a negligence action brought against Gary Thomas and his father, Young was awarded damages in the amount of $2,000 against Gary Thomas. In July of 1979, Central National, contending that Virginia Farm Bureau's policies issued to Gary Thomas' father provided liability coverage, filed this action against Virginia Farm Bureau. Although unclear from the record on appeal, the case was apparently submitted to the trial court on the basis only of the parties' responses to requests for 19 admissions. Each party moved for summary judgment, Central National specifically asserting there were "no material facts in dispute" and that "the matter is ripe for summary judgment." In February of 1980, the trial court, apparently rejecting Central National's claim that Virginia Farm Bureau's insurance policies provided coverage, granted Virginia Farm Bureau's motion for summary judgment without assigning any reasons for the decision.

On appeal, Central National, not raising any issue concerning the automobile insurance policy, contends that the trial court erred in concluding, as a matter of law, that the farmers comprehensive personal liability policy did not provide coverage. In addition, Central National now contends summary judgment should not have been entered because there was not sufficient evidence to support it in the record.

The farmers comprehensive personal liability policy issued to Willis L. Thomas, Sr., obligated Virginia Farm Bureau to "pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage." Coverage, however, did not extend "to the ownership, maintenance, operation, use, loading or unloading of . . . automobiles or midget automobiles while away from the premises or the ways immediately adjoining." Even though Central National admitted that the accident occurred "away from the premises or the ways immediately adjoining," the coverage issue

turns upon whether the "trail bike" operated by Gary Thomas was either an "automobile" or a "midget automobile." If it falls within either of these categories, the trial court correctly granted summary judgment for Virginia Farm Bureau because coverage for the apparatus in question was thus excluded by the terms of the policy.

■ The record is utterly insufficient to decide the question presented because it lacks a detailed description of the thing called a "trail bike." What is its size and configuration? How many wheels does it have? What is the source of power and what is the motor's horsepower, if it has a motor? Does it have a clutch, a brake or a hand throttle? Is it equipped with turn indicators, headlights or taillights? What is its seating capacity? These are just some of the relevant facts not found in the record. And we may not properly take judicial notice of the characteristics of either a "trail bike" or a "Yamaha motorcycle."

We must not only decide the basic question whether the "trail bike" is an "automobile" or a "midget automobile" but we may also have to decide whether it is "equipment" that is "designed for use principally off public roads" and whether it is "subject to motor vehicle registration," within the contemplation of the policy. No meaningful legal conclusion on those issues can be reached, given the sparse record before us.

■ What, then, is the disposition to be made of the case at this appellate stage of the proceeding? By moving for summary judgment under Rule 3:18, both parties represented to the trial court there was no material fact genuinely in dispute. But merely because both litigants believed the evidence was sufficiently complete to decide the case does not relieve the trial judge of the responsibility and duty to make an independent evaluation of the record on that issue. A court's duty to ascertain whether facts remain in dispute or whether there are sufficient facts to decide the question presented is not obviated by cross motions for summary judgment. *Eby* v. *Reb Realty, Inc.,* 495 F.2d 646, 649 n.4 (9th Cir. 1974). *See American Fidelity & Casualty Co., Inc.* v. *London & Edinburgh Ins. Co.,* 354 F.2d 214, 216 (4th Cir. 1965).

■ Here, the trial court should have denied the respective motions and required the evidence to be developed fully. Consequently, we will reverse the judgment appealed from and remand the case for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*