## CIRCUIT COURT OF CHESTERFIELD COUNTY

John A. Demitri, Sr.

v.

Virginia Federal Savings and Loan

October 17, 1988

Case No. (Law) 2293-87

By JUDGE HERBERT C. GILL, JR.

On October 12, 1988, counsel for Plaintiff and Defendant presented argument regarding Defendant's motion for summary judgment and demurrers to Counts I and II. Plaintiff's Bill of Particulars as amended sets forth in Count I a claim for breach of a statutory duty prescribed by Section 6.1-194.18 of the Virginia Code and requests recovery in Count II for civil conspiracy pursuant to Section 18.2-499 of the Virginia Code.

Upon consideration of the pleadings, admissions and argument by Counsel, it is the opinion of this court that Defendant's motion for summary judgment is denied, Defendant's demurrer to Count I is overruled, and Defendant's demurrer to Count II is sustained.

Defendant allegedly released confidential information regarding Plaintiff's account and made payment from said account pursuant to a Notice of Tax Lien and Demand for Payment issued by the Treasurer's Office of Chesterfield County for delinquent personal property. The first Notice and Demand requested payment from "Account No. 026-17153-8," for "John A. Demitri" listing a social security number and address. Defendant admits that neither the account number, social security number, or the address corresponded

to Defendant's records. Plaintiff alleges that the request was made in regard to taxes owed by Plaintiff's son. Plaintiff further asserts that Defendant released the aforementioned information in regard to Plaintiff and made payment pursuant to a Second Notice and Demand.

Defendant's motion for summary judgment is denied for the following reasons. Defendant moves for summary judgment on the basis that Section 6.1-194.18 of the Virginia Code exempts actions taken as authorized by law and that Section 58.1-3952 of the Virginia Code grants such authorization. Defendant is not entitled to the credit set forth in Section 58.1-3952 and therefore is not exempt from the duty of confidentiality owed pursuant to Section 6.1-194.18. Whether that duty is breached remains an issue at contest to be determined by a trier of fact.

Summary judgment may be entered only as to questions of law. If any issues of material fact are in dispute, then summary judgment may not be entered and the claim should proceed to trial. *Central National Ins. Co. v. Virginia Farm etc. Co.*, 222 Va. 353 (1981), citing Rule 3:18 of the Supreme Court of Virginia.

Section 58.1-3952 provides that a taxing authority upon notice may demand payment from "any person indebted to" the delinquent taxpayer. Payment entitles the payor to a credit against the delinquent taxpayer.

Section 6.1-194.18 confers a duty of confidentiality upon savings institutions. Access to information regarding an account is prohibited, "except as provided herein or otherwise expressly authorized by law."

Even assuming arguendo that compliance with Section 58.1-3952 exempts the duty of confidentiality set forth in Section 6.1-194.18, Defendant's motion fails as Section 58.1-3952 is inapplicable. The statute reasonably construed entitles Defendant to a credit for payment on behalf of a delinquent taxpayer as identified by the taxing authority. This suggests that Defendant need merely substantiate that the identities coincide and not that the party was in fact delinquent in payment.

As with a motion to strike the evidence, in the context of a motion for summary judgment, doubts are resolved in favor of the nonmoving party. *Costner v. Lackey*, 223 Va. 377 (1982). Information was allegedly released regarding plaintiff's account prior to substantiation that the de-

linquent taxpayer was indeed the party for whom Defendant maintained accounts. The pleadings sufficiently imply that Defendant should have been on notice as to the mistaken identity.

Count I sufficiently states a cause of action for negligence as defined by a breach of confidentiality pursuant to Section 6.1-194.18. As previously noted, Defendant may not claim the protection afforded by Section 58.1-3952. Plaintiff has adequately alleged a duty, breach thereof and resulting damages.

Count II fails to sufficiently state a cause of action for civil conspiracy. A civil conspiracy claim requires a showing that certain conduct in furtherance of a conspiracy resulted in damages to Plaintiff's business. *Allen Realty Corp. v. Holbert*, 227 Va. 441 (1984). A claim must assert that a business is the target of the conspiracy. *Moore v. Allied Chemical*, 480 F. Supp. 364 (E.D. Va. 1979). The element of malice must also be plead which requires facts implicating that the overriding purpose of the conspiracy was the intentional injury of a business. *Greenspan v. Osheroff*, 232 Va. 388 (1986). Facts were not asserted which implicate either that a business was targeted or that malice was present. Hence even assuming that the claim establishes a conspiracy, Plaintiff fails to state a cause of action for civil conspiracy pursuant to Section 18.2-499 of the Virginia Code.