Present:   All the Justices

BONITA M. LOVE

                          OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 010351          January 11, 2002

KENNETH HAMMERSLEY MOTORS INCORPORATED

        FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                J. Michael Gamble, Judge

    In this appeal, we consider whether a purchaser of a car,
who revoked her acceptance of the car and sought monetary
damages as permitted by Code § 8.2-608, properly filed her
claim as an action at law.

    Bonita M. Love filed her motion for judgment against
Kenneth Hammersley Motors, Inc. (Hammersley Motors).  She
alleged that she purchased a 1994 Lexus ES300 car from
Hammersley Motors, which was unable to cure certain defects in
the car.  She sought damages and attorney's fees.

    Hammersley Motors filed responsive pleadings and a motion
requesting that the circuit court require that the plaintiff
elect between her claim for "all monies paid for the vehicle,
in effect, a [rescission] of contract, and . . . for an award
of damages proximately incurred by plaintiff as a result of
defendant's breach of [contract]."  The court required the
plaintiff to make an election, and she chose to pursue her
claim for monetary damages.  At the conclusion of a trial, the

jury returned a verdict in favor of the plaintiff and awarded her monetary damages in the amount of $21,174.89.

Hammersley Motors filed a post-verdict motion and requested, among other things, that the circuit court set the jury verdict aside because the plaintiff's claim was in the nature of "rescission" and, therefore, should have been prosecuted in equity as opposed to at law. The circuit court granted Hammersley Motors' motion and ordered a new trial in equity. At the conclusion of the proceeding in equity, the chancellor entered a decree in favor of the plaintiff and awarded her damages in the amount of $8,780.61. The chancellor also awarded her a portion of her requested attorney's fees and entered a final decree. The plaintiff appeals.

Hammersley Motors does not challenge on appeal the following facts that were considered by the jury in the law proceeding. The plaintiff purchased a 1994 Lexus car from Hammersley Motors on August 17, 1998. The purchase price of the car was $19,508.90. When the plaintiff purchased the car, she received a three-month or 3,000-mile power train warranty at no additional cost, and she purchased an extended service contract. Pursuant to the terms of the extended service contract, Hammersley Motors agreed to "make repairs or replacement as a result of failure . . . to any part" of the

2

car covered by the warranty, including the engine and all internally lubricated engine parts.

The day after the plaintiff purchased the car, it began to malfunction. The car emitted large quantities of "white smoke" from the exhaust pipe. The car consumed "a quart to two quarts of oil every week." The plaintiff returned the car to Hammersley Motors at least five or six times for repair of the defects, but Hammersley Motors was unable to correct them. Even though Hammersley Motors eventually installed a new engine in the car, the car continued to malfunction. The car continued to emit white smoke and would not accelerate properly. Ultimately, the plaintiff returned the car and keys to Dirk W. Beasley, Hammersley Motors' general manager, and requested that she receive a refund of the purchase price. Beasley refused to refund the purchase price to her.

The plaintiff argues that she was entitled to file her motion for judgment on the law side of the circuit court because she only sought a recovery of monetary damages. Responding, Hammersley Motors contends that the plaintiff sought the equitable remedy of rescission and, therefore, she was required to file her claim in chancery. Hammersley Motors relies upon our decision in Gasque v. Mooers Motor Car Co., 227 Va. 154, 313 S.E.2d 384 (1984), in support of its position. We disagree with Hammersley Motors.

3

As the litigants correctly recognize, Virginia has maintained a longstanding distinction between law and chancery. And, "[t]he marked distinction between law and chancery, a product of the English legal system, continues to exist in the Commonwealth." Wright v. Castles, 232 Va. 218, 222, 349 S.E.2d 125, 128 (1986). When a party seeks solely monetary damages "caused by another's tortious conduct, he must bring his action on the law side of the court, and either party has a right to a jury trial." Id.; see Stanardsville Vol. Fire Co. v. Berry, 229 Va. 578, 583, 331 S.E.2d 466, 469–70 (1985); O'Brien v. Snow, 215 Va. 403, 405, 210 S.E.2d 165, 167 (1974).

The plaintiff based her cause of action on Code § 8.2-608, a part of Virginia's Uniform Commercial Code, which permitted her to revoke her acceptance of the car at issue in this appeal. This statute states:

> "(1) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it
>
> "(a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or
>
> "(b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

"(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects.  It is not effective until the buyer notifies the seller of it.

"(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them."

Code § 8.2-711, which is also a part of Virginia's Uniform Commercial Code, enumerates a buyer's remedies upon revocation of acceptance:

"(1) Where the seller fails to make delivery or repudiates or the buyer rightfully rejects or justifiably revokes acceptance then with respect to any goods involved, and with respect to the whole if the breach goes to the whole contract (§ 8.2-612), the buyer may cancel and whether or not he has done so may in addition to recovering so much of the price as has been paid

"(a) 'cover' and have damages under the next section [§ 8.2-712] as to all the goods affected whether or not they have been identified to the contract; or

"(b) recover damages for nondelivery as provided in this title (§ 8.2-713).

"(2) Where the seller fails to deliver or repudiates the buyer may also

"(a) if the goods have been identified recover them as provided in this title (§ 8.2-502); or

"(b) in a proper case obtain specific performance or replevy the goods as provided in this title (§ 8.2-716).

"(3) On rightful rejection or justifiable revocation of acceptance a buyer has a security interest in goods in his possession or control for any payments made on their price and any expenses

5

reasonably incurred in their inspection, receipt, transportation, care and custody and may hold such goods and resell them in like manner as an aggrieved seller (§ 8.2-706)."

The plaintiff, relying upon these provisions, filed her motion for judgment, and she sought damages at law and attorney's fees pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. She sought no equitable remedies. Code §§ 8.2-608 and -711 permit a buyer, such as the plaintiff, to recover monetary damages upon revocation of acceptance, which may include the purchase price. Therefore, we hold that the plaintiff properly filed her motion for judgment on the law side of the court, and the circuit court erred when it set aside the jury verdict that awarded damages to her.

Contrary to Hammersley Motors' contention, our decision in Gasque does not compel a different conclusion. In Gasque, the buyers of an automobile filed a suit in equity against a retail car dealership and the manufacturer of the car. The buyers alleged that they purchased a new car from the dealership and that after delivery, they discovered numerous defects in the car. The dealer made several attempts to correct the defects without success, and the buyers demanded rescission of the sale and the return of the purchase price or replacement of the car. In their bill of complaint, the

buyers sought cancellation of the sale and return of the purchase price or, alternatively, replacement of the car with a new one of similar model.  227 Va. at 157, 313 S.E.2d at 387.

In Gasque, the circuit court heard evidence ore tenus and ruled that the buyers failed to establish certain elements required by Code § 8.2-608.  The court concluded that the buyers failed to prove that the car suffered substantial impairment of value by reason of the defects and that the buyers failed to revoke their acceptance within a reasonable time.  Id.  The circuit court did not consider, and was not requested to consider, whether the proceeding was filed properly in chancery.

On appeal, we held that the buyers did not effectively revoke their acceptance of the car because they drove the car 2,600 miles after they gave their purported notice of revocation of acceptance.  Id. at 161-62, 313 S.E.2d at 389-90.  We pointed out in Gasque that "[a]lthough the U.C.C. 'Official Comment' appended to [Code § 8.2-608] makes clear that the buyer is no longer required to elect between rescission and damages for breach, the buyers in this case did so by their pleading.  The prayer of the bill is purely for a restoration of the parties to the status quo ante, including

7

such incidental damages as would accomplish that purpose." Id. at 159, 313 S.E.2d at 388.

In the present case, there is no dispute that the plaintiff satisfied each of the elements necessary to establish that she properly revoked her acceptance as required by Code § 8.2-608. And, unlike the buyers in Gasque, the plaintiff filed her motion for judgment for monetary damages on the law side of the court, and she contested the circuit court's post-trial ruling that her case should have been tried in chancery.

Accordingly, we will reinstate the jury verdict that awarded the plaintiff compensatory damages in the amount of $21,174.89. Hammersley Motors does not dispute that the plaintiff is entitled to attorney's fees pursuant to the Magnuson-Moss Warranty Act. Therefore, we will remand this case to the circuit court so that it can enter an award of attorney's fees for the plaintiff. The attorney's fees award should include the attorney's fees that the plaintiff incurred during the initial jury trial, the proceeding in equity, and on appeal.

Reversed and remanded.