## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Northland Ins. Co.

v.

Reichold, Inc., et al.

February 27, 2002

Case No. CH01-762

BY JUDGE DEAN W. SWORD, JR.

This matter comes before the court on a series of motions filed by both parties.

The complainant seeks default judgment and/or summary judgment.

The defendant has filed a demurrer to the jurisdiction of the court and leave to file a late answer.

Since the resolution of the motions of the defendant will influence the resolution of the motions of the complainant, we shall address those first.

### Facts

The complainant filed its Bill of Complaint with the court on September 21, 2001, seeking money damages from the defendant. The Bill advances two theories of recovery: (1) equitable indemnity and (2) contribution. The defendant, an out of state corporation, apparently has no registered agent within the Commonwealth and was served by substitute service upon the Secretary of the Commonwealth pursuant to statute. The Secretary's return indicates service by mailing on October 4, 2001, to the registered agent of the defendant located in Raleigh, North Carolina. At the hearing upon the motion on February 22, 2002, counsel for the defendant candidly admitted that the papers were duly received by in house counsel for the defendant and "fell through the cracks." When the motion for default was mailed, the matter came to their attention and counsel for defense has filed the several motions that are

before the court for disposition. There is no issue raised by the defendant as to the propriety of the service of process, and the jurisdiction arguments lie elsewhere.

The complainant correctly argues that the defendant is in default for having failed to file an answer within 21 days from October 30, 2001, the date the Secretary's return was filed with the clerk. This would be true regardless of whether this is a law or chancery matter. (Rule 2:7 and Rule 3:5.) The complainant also argues that the court may not consider a demurrer that has been filed by a defendant after the expiration of the 21 day period.

While the court would probably never allow a demurrer to be filed after 21 days had elapsed, we view the defendant's motion as a challenge to the jurisdiction of the court and such a motion is always timely. *Rook v. Rook*, 233 Va. 92, 95 (1987), and the numerous cases collected therein.

## Jurisdiction

The challenge to the court's jurisdiction is based upon the distinction between law and equity. The defendant argues that this case "is not a proper one for equity" and thus should be dismissed since the court has no jurisdiction.

While the court is relatively comfortable that some ancient Virginia case would proffer such a rule, it is our opinion that modern practice dictates a different result. Code § 8.01-270 specifically addresses this issue and provides "no case shall be dismissed because it was brought on the wrong side of the court" and whenever such an event occurs "the court shall direct a transfer to the proper forum" for trial.

Thus it is clear, and we so hold, that the court has jurisdiction to hear this matter. Should we determine that it should be on the law side, we shall follow the statutory procedure noted above.

## Law or Equity

An argument is made that law and equity have in large measure lost much of their historical significance. Indeed, as a practical matter, this is largely true (same court, judge, etc.); however, as recently as last month, the Virginia Supreme Court has observed "the marked distinction between law and chancery . . . continues to exist." *Love v. Hammersley Motors, Inc.*, 263 Va. 45, 48 (2002) "When a party seeks solely monetary damages 'caused by another's tortious conduct, he must bring his action on the law side of the

court, and either party has the right to a jury trial'." *Love, supra,* 48 (internal citations omitted).

A fair reading of the Bill indicates the complainant seeks recovery similar to a subrogation action for insurance payments made to complainant's insured where the loss was caused by the alleged negligent conduct of the defendant.

We admit that the allegations raise other issues, and to call this a subrogation case is overly simplistic. However, it is the opinion of the court that this matter should be on the law side of the court and we shall transfer it there pursuant to Virginia Code § 8.01-270.

### Default Judgment

As we have previously noted, this case is currently in default status for failure to timely plead, whether it is law or chancery. Should the court grant the defense leave to file late pleadings, or should a default judgment be granted?

(The court acknowledges that Summary Judgment might also be proper; however, it only makes sense to conform our remedies and treat both motions together.)

The answer to this question lies largely within the discretion of the court. Rule 1:9. Frankly, the court has little sympathy for a defendant with proper legal counsel who allows suit papers seeking significant damages to go without proper attention. We would well be within our authority to enter a default judgment.

The court is aware, however, that there may be legal arguments that genuinely address the right of the plaintiff to recover. After giving consideration to the status of this matter, the court will allow the defense the right to answer as follows:

(1) grounds of defense without demurrer shall be filed within 15 days of this opinion letter.

(2) response to all discovery that has previously been filed by the plaintiff shall be made without objection within 21 days from the date of this opinion letter.

Complainant's motions for default and summary judgment are denied.