## CIRCUIT COURT OF FAIRFAX COUNTY

Verlin W. Smith, Jr., et al.

    v.

Maryan C. Smith et al.

August 25, 2010

Case No. CL-2009-9167

BY JUDGE LESLIE M. ALDEN

This matter came before the Court on June 4, 2010, on Cross-Motions for Summary Judgment. After considering the written briefs, oral arguments, and relevant legal authority, the Court grants Plaintiffs' Motion for Summary Judgment and denies Defendants' Motion for Summary Judgment.

### I. *Background*

#### A. *Facts*

In 1994, Verlin W. Smith ("Mr. Smith") and Maryan D. Smith ("Mrs. Smith") established VMS Partnership ("Partnership") as a mechanism to hold real property in Fairfax and Fauquier counties. On December 13, 1994, Mr. and Mrs. Smith executed and filed with the State Corporation

Commission ("Commission") a Certificate of Limited Partnership. On December 15, 1994, Mr. and Mrs. Smith executed the Agreement of Limited Partnership for VMS Partnership, L.P. (a Virginia Limited Partnership) ("Agreement").

Initially, Mr. and Mrs. Smith each held a 2% general partnership interest and a 44% limited partnership interest. Mr. and Mrs. Smith distributed a 2% limited partnership interest to each of their four children Verlin, Maryan, Donn, and Martha. However, on May 12, 2003, Mr. Smith assigned his entire general partnership interest to Mrs. Smith and withdrew as general partner leaving Mrs. Smith as the sole remaining general partner. A certificate of amendment was filed with the Commission. The certificate of amendment noting Mr. Smith's withdrawal as a general partner was not timely filed with the Commission in violation of Virginia Code § 50-73.12; however, the failure to comply with Virginia Code § 50-73.12 in this instance does not affect the Court's analysis.

On or about June 10, 2003, Mrs. Smith orally assigned her full partnership interest to the Maryan D. Smith Revocable Inter Vivos Trust ("Trust"), for which she was the Trustee, while concurrently naming the Trust as an additional general partner. At the time, Mrs. Smith did not notify the limited partners of her actions nor did she file a certificate of amendment with the Commission as required by Virginia Code § 50-73.12. On March 25, 2009, Mrs. Smith memorialized the 2003 admission of the Trust as a general partner and the assignment of her partnership interest through a Declaration of Admission of General Partner and Assignment of General and Limited Partnership Interest in VSM [sic], L.P. ("Declaration"). Although the Declaration was executed on March 25, 2009, it carries an effective date of June 10, 2003.

On April 4, 2009, Mrs. Smith filed the certificate of amendment with the Commission. The Second Certificate of Amendment to Certificate of Limited Partnership ("Amendment Certificate") states that Mrs. Smith had withdrawn as general partner and that the Trust had been admitted as a general partner. The Amendment Certificate also carries an effective date of June 10, 2003.

Notwithstanding Mrs. Smith's admission of and assignment to the Trust in 2003, Mrs. Smith continued to execute documents on behalf of the Partnership in her individual capacity, not in her capacity as Trustee of the Trust. Specifically, Mrs. Smith attempted to admit her daughter Maryan and son Verlin as additional general partners in 2004. A certificate of amendment reflecting Maryan and Verlin's admission as general partners was never filed with the Commission.

## B. *Plaintiffs' Argument*

Plaintiffs, Verlin, Donn, and Martha, seek a judgment declaring that Mrs. Smith's assignment of her entire general partnership interest to the Trust as well as her attempt to admit the Trust as a general partner triggered the dissolution of the Partnership. Plaintiffs rely on the following paragraphs of the Agreement: 17(d) ("Conversion provision"); 17(e) ("Withdrawal provision"), and 19(a)(i) ("Dissolution provision").

The Conversion provision reads, in part:

> [A]ny transfer or assignment by a General Partner of his General Partnership Interest shall (unless otherwise agreed to by all Partners) automatically and immediately cause such transferred Interest to be converted and be deemed to become a Limited Partnership Interest without any further action of the parties.

The Withdrawal provision states, in relevant part:

> [I]n the event that there is only one remaining General Partner, upon the withdrawal of such remaining General Partner, then a successor General Partner may be concurrently elected by the Limited Partners pursuant to Paragraph 19 below. Absent this election, the Partnership shall be dissolved pursuant to Paragraph 19 below.

Similarly, the Dissolution provision provides that the withdrawal of a general partner triggers the dissolution of the Partnership unless the Partnership is continued by the remaining general partner, if any, or the Partnership is continued by the agreement of all the remaining partners.

Citing the provisions above, Plaintiffs argue that Mrs. Smith's assignment of her general partnership interest caused it to convert to a limited partnership interest. Additionally, the Plaintiffs contend that, after assigning her entire partnership interest to the Trust, Mrs. Smith no longer had the capacity to admit a new general partner. The Plaintiffs argue that Mrs. Smith effectively withdrew, leaving the Partnership without a general partner, triggering the dissolution of the Partnership unless the remaining partners agreed to continue. Plaintiffs assert that, because the remaining partners failed to elect a successor general partner or otherwise agree to continue the Partnership, the Partnership should be dissolved.

## C. *Defendants' Argument*

The Defendants, Mrs. Smith, individually and as Co-Trustee of the Trust, Maryan, individually and as Co-Trustee, and the Partnership, ask the Court to declare that Mrs. Smith properly admitted the Trust as a general partner and successfully assigned her general partnership interest to the Trust. In the alternative, Defendants ask the Court to declare that Mrs. Smith's actions in 2003 were void, leaving Mrs. Smith as the sole general partner. Defendants rely on the following paragraphs of the Agreement: 11(f) ("Additional General Partner provision"); 17(a) ("Assignment Savings provision"); and 17(b) ("Restriction Savings provision").

First, the Defendants contend that Mrs. Smith had an absolute right to admit a new general partner because the Additional General Partner provision provides:

> The General Partners shall have the absolute right to admit General Partners to the Partnership from time to time without the necessity of further consent of the Partners; provided such additional General Partners shall have such Partnership Interest as agreed upon among all of the General Partners and the additional General Partners, which new General Partner's Partnership Interest shall reduce the then existing General Partners' Partnership Interests (be they Partnership Interests as a General and/or Limited Partners). After the General Partners exercise this right to admit additional General Partners, they shall promptly take steps to amend the Partnership's Partnership Certificate and take such other steps as may be required by law, and notify all Partners of the admission of such additional General Partners.

Furthermore, Defendants seem to contend that Mrs. Smith's absolute right to name the Trust as an additional general partner also confers an absolute right to assign her general partnership interest.

In the alternative, Defendants contend that, even if the Court finds Mrs. Smith's admission or assignment to be ineffective, neither act would trigger dissolution because the Agreement contains two "savings" provisions. First, the Assignment Savings provision provides that any transfer not in accordance with the Agreement shall be void, and, if not corrected, will result in a forfeiture of the partnership interest. Defendants ask the Court to grant Mrs. Smith an opportunity to correct her assignment if it determines that her assignment is not in accordance with the Agreement. Moreover, the Restrictions Savings provision states that, if any partner assigns his or her interest without complying with the terms of the Agreement, the "assignment shall not cause or constitute a dissolution of this Partnership."

Lastly, the Defendants argue that, regardless of whether Mrs. Smith or the Trust was general partner, the admission of Maryan and Verlin as additional general partners was effective.

## II. *Analysis*

Interpretation of a limited partnership agreement is a question of law. *Waikoloa, Ltd. Partnership v. Arkwright*, 268 Va. 40, 47, 597 S.E.2d 49, 53 (2004). Typically, summary judgment is appropriate when the Court is presented with a question of law. *Phillips v. Brinkley*, 194 Va. 62, 64, 72 S.E.2d 339, 340 (1952); *see* Va. Sup. Ct. R. 3:20 (2010). However, the Court has a duty to independently evaluate the record to ascertain whether facts remain in dispute, despite both parties' agreement to the contrary. *Central Nat. Ins. v. Virginia Farm Bur. Ins.*, 222 Va. 353, 356, 282 S.E.2d 4, 6 (1981).

At oral argument, all parties agreed that no material facts remained in dispute and that parol evidence would not shed light on the issues. Based upon the Court's review of the record, the Court finds that there are no material facts in dispute and the only issues before the Court are issues of law. Therefore, summary judgment is appropriate in this case. *See* Va. Sup. Ct. R. 3:20.

This case presents two issues for the Court to resolve. First, the Court must determine whether Mrs. Smith effectively admitted the Trust as a general partner. Second, the Court must determine the effect of Mrs. Smith's assignment of her general partnership interest. The parties ask the Court to resolve these issues by interpreting the language in the Agreement. The Court, however, must also look at the relevant statutory law because limited partnerships are created and controlled by statute. *See R. S. Oglesby Co. v. Lindsey*, 112 Va. 767, 773, 72 S.E. 672, 674 (1911) ("[Limited partnerships] are created only by statute, and exist and are controlled entirely by legislative enactments." (citations omitted)).

In Virginia, limited partnerships are generally controlled by the Virginia Revised Uniform Limited Partnership Act, Virginia Code § 50-73.1, et seq. ("RULPA"). *Sloan v. Thornton*, 249 Va. 492, 496, 457 S.E.2d 60, 62 (1995). However, in any case not provided for in the RULPA, the Virginia Uniform Partnership Act, Virginia Code § 50-1, et seq. ("UPA"), governs. Va. Code § 50-73.75. While limited partnerships may execute partnership agreements which govern the relationship between partners and the partnership in many instances, there are instances where the RULPA imposes requirements which a partnership cannot avoid, notwithstanding the provisions in the partnership agreement. *See Sloan*, 249 Va. at 497, 457 S.E.2d at 62 (requiring that the statutory requirements for admission of a general partner be met).

A. *Admission of Additional General Partner*

First, the Court must determine whether Mrs. Smith effectively admitted the Trust as a general partner. The RULPA provides that a general partner may be admitted "as provided in the partnership agreement." Va. Code § 50-73.27. However, within thirty days of admitting a new general partner, a certificate of amendment must be filed with the Commission. Va. Code § 50-73.12. Failure to comply with these statutory requirements renders the underlying admission ineffective. *Marriott v. Harris*, 235 Va. 199, 219, 368 S.E.2d 225, 235 (1988); *Sloan*, 249 Va. at 496-97, 457 S.E.2d at 62.

In *Sloan*, the Virginia Supreme Court held that "[a] finding that one is a general partner must be based on proof of the statutory elements required for such status." *Sloan*, 249 Va. at 497, 457 S.E.2d at 62. The plaintiff in *Sloan* sought to prove the defendant, a limited partner, was actually a general partner in the limited partnership. *Id.* at 492-95, 457 S.E.2d at 61. The *Sloan* court found that an assignment of general partnership interest, along with contracting in a manner which suggests one is a general partner, is insufficient to create a jury question as to whether the defendant was a general partner. *Id.* at 497, 457 S.E.2d at 62. To support a finding that one is a general partner, the *Sloan* court required proof that the individual (1) satisfied the provisions to admit an additional general partner laid out in the partnership agreement and (2) amended the certificate of limited partnership to reflect the addition of the general partner. *Id.* at 496-97, 457 S.E.2d at 62.

Similarly, the Virginia Supreme Court held the withdrawal of a general partner ineffective in *Marriott v. Harris* because the general partner failed to file an amended certificate that complied with the statutes then in effect. *Marriott*, 235 Va. at 219, 368 S.E.2d at 235. At the time the amended certificate was filed, the applicable Virginia code, a precursor to the RULPA, required all partners, including those partners withdrawing, to sign the amended certificate. *Id.* at 218-19, 368 S.E.2d at 234-35. However, the withdrawing general partner failed to sign the amended certificate. *Id.* at 218, 368 S.E.2d at 234. The *Marriott* court held that the withdrawing general partner's failure to sign the amended certificate made the certificate defective, and consequently, the general partner's attempted withdrawal ineffective. *Id.* at 219, 368 S.E.2d at 235.

In accord with these authorities, although Mrs. Smith had an absolute right under the Agreement to admit an additional general partner, Mrs. Smith had to comply with the requirements of the RULPA to effectuate that admission. Mrs. Smith attempted to admit the Trust as an additional general partner on June 10, 2003. However, the parties agree that Mrs. Smith failed to file a certificate of amendment within thirty days of admitting the Trust as an additional general partner. As a result, her admission of the Trust as a

general partner was untimely and ineffective. *Marriott*, 235 Va. at 219, 368 S.E.2d at 235; *Sloan*, 249 Va. at 496-97, 457 S.E.2d at 62; Va. Code § 50-73.12.

Although Mrs. Smith attempted to correct this situation by filing the Amended Certificate within thirty days of executing the Declaration in 2009 and by giving it a retroactive effective date of June 10, 2003, this also was ineffective. The RULPA contains no provision allowing for retroactive effective dates, stating instead that certificates of limited partnership are amended upon the filing of the certificate of amendment. Va. Code § 50-73.17. Therefore, the Amended Certificate could not have been effective until its filing date on June 4, 2009. Consequently, whether Mrs. Smith was able admit an additional general partner in 2009 depends upon the effect of her assignment of her entire partnership interest in 2003 and whether she retained any management authority in the Partnership after she assigned her entire interest.

Arguably, the 2009 Amended Certificate is also ineffective to admit an additional general partner on two other grounds as well: (1) the Amended Certificate is not executed in accordance with Virginia Code § 50-73.15 because it was only signed by Mrs. Smith in her capacity as Trustee when the code requires the certificate to be signed by a general partner and any new general partner; and (2) by the terms of the Amended Certificate and the Declaration, Mrs. Smith withdrew before she admitted the Trust as general partner; therefore, the Trust was not an "additional general partner" as contemplated by the Agreement.

## B. *Assignment of General Partnership Interest*

Unlike the requirement for admitting a new general partner, the RULPA does not require a partner to comply with statutory procedures to assign his or her partnership interest. Rather, the RULPA provides that a partnership interest is freely assignable except as provided in the partnership agreement. Va. Code § 50-73.45.

In 2003, Mrs. Smith orally assigned her entire partnership interest, both general and limited, to the Trust. Because neither the RULPA nor the Agreement prohibits an oral assignment, Mrs. Smith was able to orally assign her entire partnership interest as long as her assignment was otherwise in accordance with the Agreement. The parties agree that Mrs. Smith assigned her entire partnership interest to the Trust. However, the parties disagree as to whether Mrs. Smith was able to assign her general partnership interest or whether her assignment caused her general partnership interest to convert to a limited partnership interest pursuant to the Conversion provision of the Agreement.

After a painstaking review of the Agreement, the Court concludes that the Conversion provision constitutes a bar to Mrs. Smith's assignment

of her general partnership interest unless all the partners consent; therefore, by operation of the Agreement, when Mrs. Smith assigned her general partnership interest, it automatically converted to a limited partnership interest. (Agreement ¶ 17d.) Although the provisions of the Agreement are difficult to decipher, the Court concludes that the Conversion provision is consistent with Mrs. Smith's absolute right to admit an additional general partner under the Additional General Partner provision because admission of a partner and assignment of partnership interest are distinct actions. Furthermore, the Court construes the Additional General Partner provision to allow a general partner to admit an "additional general partner" so long as one or more of the original general partners remains. By its plain meaning, the Additional General Partner provision contemplates the admission of only additional general partners not successor or substitute general partners. Even if the Conversion provision did not bar the assignment, Mrs. Smith's assignment of her entire partnership interest would have triggered dissolution under the RULPA.

Under the RULPA, when a partner transfers its entire partnership interest, the partner ceases to be a partner, unless the partnership agreement provides otherwise. Va. Code § 50-73.45. Furthermore, when a general partner transfers all of its partnership interest under Virginia Code § 50-73.45, the transfer is considered an event of withdrawal. Va. Code § 50-73.28. The Agreement in the case does not address what happens if a partner transfers his or her entire partnership interest nor does it define what constitutes a withdrawal; therefore, the RULPA or UPA default provisions apply. Va. Code § 50-73.81. Under both the RULPA and the Agreement, the withdrawal of the sole remaining general partner triggers dissolution of the Partnership unless all the remaining partners agree to continue the Partnership. Va. Code § 50-73.49. Both parties admit that the remaining partners have not agreed to continue the Partnership. Therefore, by assigning her entire partnership interest to the Trust, Mrs. Smith effectively withdrew from the Partnership.

Defendants urge the Court to avoid dissolution by applying the Restrictions savings provision which provides that, if any partner assigns its interest without complying with the terms of the Agreement, the "assignment shall not cause or constitute a dissolution of this Partnership." The RULPA appears to have a similar "savings" provision. However, the transfer in this case is distinguishable from an ineffective assignment of a partnership interest. Rather, Mrs. Smith's assignment constituted a withdrawal of the sole general partner. Therefore, after Mrs. Smith assigned her entire partnership interest, the Partnership had no general partner. Neither savings provision could prevent dissolution under such facts because at least one general partner is required to maintain a limited partnership. Va. Code § 50-73.11.

Lastly, Defendants ask the Court to find that Mrs. Smith admitted Maryan and Verlin as general partners in 2004. However, Mrs. Smith's withdrawal from the Partnership in 2003 left her with no authority to manage the Partnership. Thus, her attempt to admit Maryan and Verlin as general partners in 2004 was ineffective. Similarly, Mrs. Smith's attempt to memorialize her admission and assignment through the Declaration in 2009 was also ineffective.

Because Mrs. Smith concurrently failed to admit a new general partner and withdrew as the sole general partner, the Partnership was left without a general partner. As a result, Mrs. Smith's actions in 2003 triggered the dissolution of the Partnership.

## III. *Conclusion*

For the reasons stated above the Court grants the Plaintiffs' Motion for Summary Judgment.